Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12-cv-4535 | **DATE** | 6/20/12 |
| **CASE TITLE** | Thornton-Bey v. United States of America | | |

**DOCKET ENTRY TEXT**

Petitioner's petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2255 is denied. See statement below.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Petitioner DeJuan Thornton-Bey's petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2255 is denied. Petitioner failed, in conformance with Rule 2 Governing Section 2255 Proceedings for the United States District Courts, to submit his petition and verify it under penalty of perjury. "The verification requirement serves to ensure that a petitioner can provide some evidence beyond conclusory and speculative allegations, even if that evidence is his verified statement alone. Requiring either that the motion be signed under penalty of perjury or be accompanied by an affidavit is thus not a mere technicality of pleading; once a pleading is submitted in this form, the allegations contained therein *become* evidence." *Kafo v. U.S.*, 467 F.3d 1063, 1068 (7th Cir. 2006) (*Kafo*).

Moreover, it is not apparent from his petition that he is entitled to an evidentiary hearing on the matter, as he appears to suggest his sentence should be vacated on the basis that he has not seen commissioning documents for United States Attorney Patrick Fitzgerald. As the U.S. District Court for the District of Columbia has already explained to Petitioner Thornton-Bey in another case, "commissions, unlike oaths, are bestowed upon appointed officers, not retained by DOJ." *Thornton-Bey v. Executive Office for U.S. Attorneys*, No. 11-CV-773, 2012 WL 593546, at *2 (D.D.C. Feb. 24, 2012). The mere fact that Petitioner has not obtained U.S. Attorney Fitzgerald's commissioning papers is in no way proof that Fitzgerald was not properly commissioned, thereby negating Petitioner's sentence. Therefore, his petition for *habeas* relief is denied, and no evidentiary hearing is necessary "when a petitioner's allegations are 'vague, conclusory, or palpably incredible rather than detailed and specific.'" *Kafo*, 467 F.3d at 1067 (quoting *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001)).